UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRIMESOURCE BUILDING PRODUCTS, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | Civil Action No. 3:19-CV-02878-X |
| LEE GROUP INTERNATIONAL, INC., | § § § | |
| *Defendant.* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Lee Group International, Inc.'s ("Lee Group") motion to dismiss [Doc. No. 9]. Plaintiff PrimeSource Building Products, Inc. ("PrimeSource") alleges that Lee Group wrongly used images and product descriptions of PrimeSource's Grip-Rite concrete curing blanket to sell its own competing Bear Claw Products concrete curing blanket [Doc. No. 1]. PrimeSource claims Lee Group's actions violated 15 U.S.C. § 1125(a)(1)(B), which pertains to false advertising and trademark law, and also brings a common law unfair competition claim against Lee Group. Lee Group moves to dismiss the case for failure to state a claim. Upon consideration, the Court **DENIES** Lee Group's motion to dismiss.

I.

PrimeSource and Lee Group both distribute building products, including competing concrete curing blankets. In 2012, PrimeSource filed a provisional patent application for an improved concrete curing blanket with an innovative edge overlay

design.  PrimeSource started selling this product around 2013 under its Grip-Rite brand.  At least as early as 2016, Lee Group marketed a concrete curing blanket through its website and through third-party retailers, including Amazon. PrimeSource alleges Lee Group used photographs and product descriptions of PrimeSource's concrete curing blanket in its marketing materials. On December 5, 2019, PrimeSource filed its original complaint against Lee Group for false advertising under 15 U.S.C. § 1125(a)(1)(B) and unfair competition under the common law.  On January 21, 2020, Lee Group filed a motion to dismiss for failure to state a claim. The Court now considers Lee Group's motion to dismiss.

## II.

The defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Under Rule 12(b)(6), the Court evaluates the pleadings by "accepting as true all well-pleaded factual allegations" in the complaint "and drawing all reasonable inferences in the plaintiff's favor."[1]  To survive a motion to dismiss, PrimeSource must allege enough facts "to state a claim to relief that is plausible on its face."[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  A complaint does not suffice "if it tenders naked assertion[s] devoid of further factual enhancement."[4]  "The plausibility

---

[1] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quotation marks omitted) (alteration in original).

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[5]  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[6]

## III.

Lee Group in its motion to dismiss argues that PrimeSource has failed to plausibly state a claim under 15 U.S.C. § 1125(a)(1)(B) for false advertising.  Lee Group contends that PrimeSource is attempting to bring a copyright claim under trademark law and that PrimeSource is wrongly attempting to frame a false attribution of inventorship claim as a false advertising claim.  PrimeSource objects that it is not attempting to do either of the above and is only bringing a section 1125(a)(1)(B) false advertising claim.  The Court agrees with PrimeSource.

A prima facie false advertisement claim under section 1125(a)(1)(B) requires proof of five elements:

> (1) false or misleading statement of fact about a product; (2) the statement deceived or had the capacity to deceive a substantial segment of potential consumers; (3) the deception was material; (4) the product is in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the statement at issue.[7]

A deception is material when "it is likely to influence the consumer's purchasing

---

[5] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[6] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)).

[7] *Schlotzsky's, Ltd. v. Sterling Purchasing & Nat'l Distribution Co.*, 520 F.3d 393, 400 (5th Cir. 2008).

decision."[8]

PrimeSource's allegations in its complaint, taken as true, plausibly meet these five elements. PrimeSource alleges that Lee Group used PrimeSource's product descriptions and images, which describe and depict PrimeSource's concrete blankets' innovative edge overlay, to market its competing concrete curing blankets. PrimeSource further alleges that Lee Group's product descriptions and images do not accurately describe and depict Lee Group's curing blankets.

Regarding the first section 1125(a)(1)(B) element, if PrimeSource's allegations are true, then these descriptions and images are misleading statements of facts. Regarding the second element, if Lee Group's descriptions and product images are misleading, then they likely had the capacity to deceive a substantial segment of potential consumers into purchasing Lee Group's curing blankets when they intended to purchase curing blankets which have the features the product images and descriptions actually describe. Regarding the third element, the deception stemming from these product descriptions and images is material because claiming a technologically innovative advantage, the innovative edge overlay, will likely influence consumers' decision-making when they evaluate options in the marketplace. Regarding the fourth element, the Court takes PrimeSource's claim as true at this stage of the proceedings that Lee Group's curing blankets are in interstate commerce. That seems to be the point of selling on Amazon. Regarding the fifth element, because PrimeSource's curing blanket has the innovative edge overlay

---

[8] *IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 375 (5th Cir. 2002).

design, it follows that PrimeSource is likely to be injured by the loss of sales resulting from Lee Group's deception in the marketplace.   For these reasons, the Court concludes PrimeSource has plausibly stated a claim under section 1125(a)(1)(B).

Lee Group objects that PrimeSource is wrongly attempting to use trademark law to pursue a copyright infringement claim and is wrongly attempting to frame a section 1125(a)(1)(A) false attribution of inventorship claim as a section 1125(a)(1)(B) misrepresentation claim.   Specifically, Lee Group argues that PrimeSource's real claim is that Lee Group violated PrimeSource's copyright by copying its photograph and product description and that Lee Group misrepresented in its advertisements that it had invented the edge overlay design, the subject of PrimeSource's patent.   Lee Group argues *Dastar Corp. v. Twentieth Century Fox Film Corp.* prohibits PrimeSource from bringing copyright infringement and false attribution claims under section 1125(a)(1).[9]   In *Dastar*, the Supreme Court held that false or misleading attribution of the authorship of any idea or concept embodied in goods did not violate section 1125(a)(1)(A).[10]   In coming to its conclusion, the Supreme Court was careful to note that section 1125(a) should not extend to areas traditionally occupied by patent or copyright.[11]

The Court is unconvinced with Lee Group's objection.   Although Lee Group may wish to frame PrimeSource's allegations as copyright infringement or false attribution of inventorship claims, the fact is that PrimeSource does not allege either

---

[9] 539 U.S. 23 (2003).

[10] *Dastar Corp.*, 539 U.S. 31, 37–38 (2003).

[11] *Id.*

of these claims and the substance of its section 1125(a)(1)(B) claim does not amount to these claims.   PrimeSource does not allege that Lee Group's misattributed inventorship of the innovative edge overlay design or that Lee Group violated its copyright by using its product images.   PrimeSource merely alleges, as illustrated above, that Lee Group's product descriptions and images falsely describe and depict Lee Group's curing blankets and that it "is likely to be injured as a result of [Lee Group's] false and misleading statements and representations."[12]   As illustrated in the analysis above, no mention of copyright or false attribution of inventorship is necessary to show the section 1125(a)(1)(B) factors are plausibly met.   Lee Group has thus failed to show how PrimeSource's section 1125(a)(1)(B) collapses into copyright infringement and false attribution of authorship claims.   For these reasons, the Court finds that PrimeSource has sufficiently pled facts that plausibly state a claim for misrepresentation of nature, characteristics, or qualities under section 1125(a)(1)(B).

IV.

Lee Group in its motion to dismiss argues that PrimeSource's allegation of common law unfair competition cannot stand alone and must be premised on an independent tort.   Lee Group further argues that, as PrimeSource has failed to allege a section 1125(a)(1)(B) claim, there is no independent tort and so the common law unfair competition claim cannot stand.   PrimeSource responds that its common law unfair competition claim is premised on an independent tort, namely its section 1125(a)(1)(B) claim, and that its section 1125(a)(1)(B) claim has been properly

---

[12] PrimeSource's Complaint ¶45.

alleged.  As shown above, PrimeSource's section 1125(a)(1)(B) claim survives Lee Group's motion to dismiss.  As Lee Group's basis for its motion to dismiss fails, the Court concludes that PrimeSource's common law unfair competition claim survives Lee Group's motion to dismiss.

V.

For the reasons stated above, the Court hereby **DENIES** Lee Group's motion to dismiss.  Alongside this order, the Court is issuing an order requiring the parties to meet and confer to submit an amended proposed scheduling order and discovery plan.

**IT IS SO ORDERED** this 25th day of August, 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE